O'MEARA v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. March 24, 1904.)

1. DEFAULT—APPLICATION TO OPEN—SUFFICIENCY.

> On an application to open a default judgment, it appeared that the cause had been on the day calendar marked "Ready" on every court day for nearly a month. No attempt was made to locate a witness or to procure his attendance until more than three weeks after defendant had first announced that it was ready. The affidavit as to the materiality of the testimony of such witness merely averred that affiant was informed and verily believed that the witness was an eyewitness to the accident. *Held* error to open the default.
>
> Blanchard, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Stephen O'Meara against the Interurban Street Railway Company. From an order granting a motion to open defendant's default, and to set aside a judgment entered on an inquest taken by plaintiff, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Henry M. Flateau, for appellant.
Bayard H. Ames and F. Angelo Gaynor, for respondent.

SCOTT, J. The court below should have refused to open the default on any terms. I have seldom seen a less meritorious motion of this description. The cause had been on the day calendar marked "Ready" on every court day from December 17th to January 11th, when the inquest was taken. So far as appears from the affidavits submitted by defendant, no attempt was made to locate the witness Bauchbaum or to procure his attendance until January 9th, more than three weeks after the defendant had first answered "Ready." It is obvious, if Bauchbaum was really a material and necessary witness, that, on the numerous occasions before January 11th on which defendant answered "Ready," it was imposing upon the court, and

speculating on the chance that the cause would not be called for trial. The affidavit as to the necessity and materiality of Bauchbaum's evidence is wholly inconclusive and insufficient. One affiant, in the employ of defendant, swears that he is "informed and verily believes" that Bauchbaum was an eyewitness to the accident. Who informed him, or what knowledge his informant had on the subject, is not disclosed. For all that appears, he may have been so informed by a fellow employé, or some man in the street who knew nothing about the fact. Nor is it shown that Bauchbaum, if produced, could furnish any material evidence. The affiant says that he will be able to prove by Bauchbaum that the plaintiff sustained any injuries he may have sustained solely through his own negligence. This really means nothing. It does not appear that any one ever saw Bauchbaum, or received any statement from him, or what facts he is prepared to swear to. Indeed, there is no evidence in the affidavits that any such person as this alleged witness was anywhere near the accident, or saw it, or can testify concerning it. Thus it is not made to appear that Bauchbaum was a necessary or material witness, and, if he was, the defendant was guilty of gross laches in its effort to procure his attendance. To open a default under such circumstances, under the insignificant condition of the payment of $10 costs, is, in my opinion, unreasonable and calculated to encourage practices already too often resorted to, and which do not deserve encouragement. It is the general rule, undoubtedly, that the court will not interfere with the exercise of discretion by the Special Term on motions of this character, but there are exceptions to the rule, and the present case, I think, presents such an exception.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to open the default denied, with $10 costs.

FREEDMAN, P. J., concurs.

BLANCHARD, J. (dissenting). The application to set aside the inquest and open the default was addressed to the discretion of the court, and, it not appearing that such discretion was improperly exercised, the order granting the defendant's motion to open default should be affirmed, with costs.